# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

JACOB COLBY SPRADLIN,

      **Plaintiff,**

v.                             **Case No. 3:16-cv-06986**

ADMINISTRATOR LARRY CRAWFORD
 of the WEST VIRGINIA REGIONAL JAIL;
DAVID RODES; and STEVEN BOLAND,

      **Defendants.**

## PROPOSED FINDINGS OF FACT and RECOMMENDATIONS

On August 1, 2016, Plaintiff, Jacob Spradlin ("Spradlin"), proceeding *pro se* and incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant Larry Crawford, the Jail's Administrator. In the complaint, Spradlin alleged that he was an inmate in protective custody at the Jail when a correctional officer allowed another inmate to harm him. (ECF No. 2 at 4-5). Pending before the Court are the Motion to Dismiss of Larry Crawford ("Crawford"), (ECF No. 22), and Spradlin's responsive Motion to Not Dismiss. (ECF No. 28). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Having thoroughly reviewed Spradlin's allegations and Crawford's motion and memorandum, the undersigned **FINDS** that the complaint fails to state a viable claim

against Crawford. In his official capacity as Administrator of the Western Regional Jail, Crawford is immune from a claim for money damages under the Eleventh Amendment to the United States Constitution. Moreover, Spradlin's claim for prospective relief against Crawford lacks any factual basis. Accordingly, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** Crawford's Motion to Dismiss, (ECF No. 22); **DENY** Spradlin's Motion to Not Dismiss, (ECF No. 28); **DISMISS** the complaint against Defendant Crawford, and **REMOVE** him as a defendant in this civil action.

## I.      Relevant Facts and Procedural History

In the complaint, Spradlin alleges that he is an inmate in protective custody at the Western Regional Jail. He claims that protective custody is located in a "locked-down" pod; therefore, only one inmate at a time is permitted out of his cell. On an unspecified date, Spradlin claims that he was allowed out of his cell to perform hygiene and receive medication. (ECF No. 2 at 4). As he was taking a shower, a correctional officer opened another inmate's cell, granting the inmate improper access to Spradlin. The inmate allegedly assaulted and harmed Spradlin. (*Id.* at 5). For relief, Spradlin asks the Court to "make sure this dose [sic] not happen to any other inmate" and that he be protected from retaliation for filing the complaint. (*Id.* at 5). Spradlin subsequently amended his complaint and additionally asks for $175,000 to compensate him for medical bills, disfigurement, and mental distress. (ECF No. 10).

On December 2, 2016, Crawford filed a Motion to Dismiss the complaint on the ground that he is entitled to immunity from money damages under the Eleventh Amendment to the United States Constitution. (ECF No. 22). Further, Crawford asserts that he also has qualified immunity and argues that Spradlin's claim for equitable relief is moot, because he is no longer incarcerated at the Western Regional Jail. In fact, prior to

the filing of the Motion to Dismiss, Spradlin was transferred from the Western Regional Jail to the William R. Sharpe Hospital in Weston, West Virginia; presumably, for psychiatric evaluation. (ECF No. 22-1 at 2). However, prior to resolution of the motion to dismiss, on January 11, 2017, Spradlin filed a Notice of Change of Address, indicating that he had returned to the Western Regional Jail, which effectively eliminated Crawford's mootness argument. (ECF No. 25). Two weeks later, Spradlin filed a Motion to Not Dismiss the complaint. (ECF No. 28).

Shortly thereafter, the undersigned scheduled the pending motions for a hearing, which was held on February 2, 2017. (ECF No. 29). At the hearing, Spradlin elaborated on his claim against Crawford, clarifying that he had sued Crawford in his official capacity as Administrator of the Western Regional Jail. Spradlin also confirmed that he knew of no act or omission by Crawford that led to the inmate's attack. Consequently, to facilitate Spradlin's joinder of the proper individuals as defendants, the undersigned ordered Crawford to provide Spradlin with a copy of his inmate file. Spradlin was given time to review the file and amend his complaint to name the individuals who allegedly violated his constitutional rights. (ECF No. 30). On March 22, 2017, Spradlin amended his complaint to add as defendants two correctional officers, David Rodes and Steve Boland. Those defendants have now been served with the amended complaint. (ECF Nos. 36, 37).

## II.  **Standard of Review**

Crawford seeks dismissal under Fed. R. Civ. P. 12(b)(1) and (12)(b)(6). A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may claim that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as

mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). Second, the movant may contend, as Crawford has done here, that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* The burden of proving that a court has subject matter jurisdiction rests with the plaintiff as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim. A complaint fails to state a claim when, accepting the plaintiff's well-pled allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires allegations that "raise a right to relief above the speculative level." *Id.* at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

"The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)." *Haley v. Va. Dep't of Health*, Case No. 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012) (citing *Andrews v. Daw*, 201 F.3d 521, 525, n.2 (4th Cir. 2000)). "The

recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Id.; see also Zemedagegehu v. Arthur*, No. 1:15cv57 (JCC/MSN), 2015 WL 1930539, at *3 (E.D. Va. Apr. 28, 2015); *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012) (collecting cases). In this case, whether Crawford's Eleventh Amendment immunity should be evaluated under Rule 12(b)(1) or 12(b)(6) is a distinction without a difference given that the undersigned has relied solely on the complaint in resolving the issue, having construed it in the light most favorable to Spradlin. *Beckham v. Nat'l. R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 547 (D. Md. 2008).

Spradlin has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  **Discussion**

The Eleventh Amendment provides, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Although the Eleventh Amendment refers only to suits by citizens of other states, the United States Supreme Court has

construed the Amendment to "establish that an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)) (markings omitted). The immunity created by the Amendment protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint*, Case No. 0:10–50–HMH–PJG, 2011 WL 286133, at *2 (D.S.C. Jan. 7, 2011) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)); *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Thus, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. The United States Supreme Court explained in *Will*, "[o]bviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* The Court later clarified its holding, making a distinction between officials acting in their official capacities and officials acting in their personal capacities under color of state law. *Hafer v. Melo*, 502 U.S. 21, 23 (1991). The former are immune from prosecution for money damages under § 1983, while the latter are not. The Court explained that because the real party in interest in an "official-capacity" suit is the governmental entity, rather than the named official, the target of such a claim is the entity's "policy or custom." *Hafer,* 502 U.S. at 25. "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken

under color of state law." *Id.* Therefore, if the claim against Crawford is an "official-capacity" claim, he will enjoy the same immunity from money damages as the State of West Virginia. If the claim is a "personal-capacity" claim, Crawford will not be afforded the same protection, although he "may assert personal immunity defenses such as objectively reasonable reliance on existing law." *Id.*; *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (recognizing that "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," while "[o]fficial-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)).

The determination of whether a defendant has been named in his official or individual capacity is generally made by examining "the face of the complaint." *Amos v. Md. Dep't of Pub. Safety & Corr. Servs.*, 126 F.3d 589, 609 (4th Cir. 1997), *vacated on other grounds by* 524 U.S. 935 (1998). Nonetheless, "a plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983." *Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir. 1995). "When a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Id.* at 61. In *Foreman v. Griffith*, the Fourth Circuit discussed the significance of the factors outlined in *Biggs*:

> With respect to assessing the nature of a plaintiff's claim or claims, the *Biggs* court stated that the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom or the lack of indicia of such a policy or custom on the face of the complaint indicates that a state actor has been sued in his individual capacity. With respect to the nature of the relief sought, the *Biggs* court also stated that the plaintiff's request for compensatory or punitive damages indicates an individual

> capacity suit since such relief is unavailable in official capacity suits. Finally, with respect to the course of proceedings, the *Biggs* court stated that the defendant's assertion of qualified immunity as a defense indicates an individual capacity suit, since such a defense is only available in individual capacity suits.

81 F. App'x 432, 435 (4th Cir. 2003). Ultimately, "the underlying inquiry remains whether the [p]laintiff's intention to hold a defendant personally liable can be ascertained fairly." *Biggs*, 66 F.3d at 61.

In this case, Spradlin does not explicitly state in his complaint the capacity in which he is suing Crawford. However, Spradlin identifies Crawford by specific reference to his official title with the Jail. While Spradlin does not claim that Crawford acted in accordance with a governmental policy or custom, Spradlin also does not include any factual allegations implicating Crawford in a personal capacity. In his Motion to Not Dismiss, Spradlin explains that his complaint stems from the failure of Jail personnel to protect him from harm. Nonetheless, he does not indicate that Crawford played any role in the events leading up to his attack, and in his amended complaint, he does not name Crawford as a party or participant. Moreover, in the original complaint, Spradlin sought only prospective relief. Taking all of these factors into account, the undersigned concludes that Spradlin meant to sue Crawford in his official capacity, and not his personal capacity.[1]

Notwithstanding, whether Spradlin is suing Crawford in his official capacity or personal capacity makes little difference because, in either event, Spradlin's claims against Crawford should be dismissed. If Crawford is being sued in his official capacity for monetary damages, then he is immune from suit; on the other hand, if Crawford is being sued in his personal capacity for monetary damages, Spradlin's complaint lacks

---

[1] In addition, at the motions hearing, Spradlin confirmed his intention to sue Crawford in his official capacity only.

merit, because it is void of any allegations pertaining to Crawford. As such, the undersigned **RECOMMENDS** that any official capacity claims against Crawford be **DISMISSED** on the ground of Eleventh Amendment immunity, *see Templeton v. Bennett*, No. 3:13-6577, 2014 WL 294299, at \*2, \*8 (S.D.W. Va. Jan. 24, 2014), and any personal capacity claims for monetary damages against Crawford be dismissed for failure to state a plausible claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

With respect to Spradlin's request for prospective relief, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law"; this is known as the *Ex Parte Young* exception.[2] *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *see also Freeland v. Ballard*, 6 F. Supp. 3d 683, 694 (S.D.W. Va. 2014) ("Pursuant to the Eleventh Amendment, a federal court may enjoin state officials to conform their future conduct to federal law, which is distinguishable from a retroactive monetary award paid from State funds."). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. at 155-56). The state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can

---

[2] This is one of the three recognized exceptions to Eleventh Amendment immunity. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012). The other two, waiver and abrogation by Congress, do not apply in this case.

be invoked. *Id.* Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted).

Here, Spradlin asks the Court to ensure that no other inmate in protective custody is subjected to the same threat of physical harm and that Spradlin be shielded from retaliation for filing the complaint. (ECF No. 2 at 5). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 570). Spradlin does not identify any particular policy, procedure, or practice implemented and enforced by Crawford that authorizes the alleged action of the correctional officer in facilitating Spradlin's assault. To the contrary, Spradlin claims that the official policy at the Jail required the correctional officer to allow only one protective custody inmate out of his cell at a time, and the alleged assault occurred in this case because the correctional officer *did not follow* the Jail's policy and procedure. Thus, Spradlin's own allegations undermine his claim for prospective relief.

Furthermore, as to Spradlin's concern that he will be the victim of retaliation, he provides no basis upon which the Court can conclude that a policy, practice, or pattern of behavior sanctioning retaliation is in place at the Jail, or that Crawford has threatened to enforce such a practice against Spradlin. Even "[a]n isolated violation cannot support system wide relief." *Seba v. Joyner*, No. 5:16-CT-3051-BO, 2017 WL 2062872, at *3 (E.D.N.C. May 12, 2017) (citing Armstrong v. Davis, 275 F.3d 849, 870 (9th Cir. 2001) (whether a system wide injunction is justified depends on "whether the inadequacy

complained of is in fact 'widespread enough to justify system wide relief'")). Without some factual allegations from which the Court can glean the existence of this type of policy, pattern, or practice, there is "no viable claim of such a future unconstitutional harm." *Foster v. Fisher*, No. 1:14-CV-292-MR-DSC, 2016 WL 900654, at *14 (W.D.N.C. Mar. 9, 2016). Therefore, the undersigned **FINDS** that Spradlin fails to allege sufficient facts to maintain a plausible claim for prospective relief against Defendant Crawford.

## IV.    Proposal and Recommendations

Based on the foregoing findings, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss of Larry Crawford, (ECF No. 22); **DENY** Spradlin's Motion to Not Dismiss, (ECF No. 28); **DISMISS** the complaint against Larry Crawford, and **REMOVE** him as a defendant in this action.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have seventeen days (fourteen days for filing of objections plus three days after service by mail) from the date of being served with this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v.*

*Ridenour*, 889 F.2d 1363, 1365–66 (4th Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is **DIRECTED** to file this "Proposed Findings and Recommendations" and to provide a copy of the same to Plaintiff and counsel of record.

**FILED:** May 23, 2017

Cheryl A. Eifert
United States Magistrate Judge