**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JACOB COLBY SPRADLIN,**

    **Plaintiff,**

v.                                                                Case No. 3:16-cv-06986

**DAVID RODES;
STEVEN BOLAND,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On June 15, 2017, Plaintiff, Jacob Spradlin ("Spradlin"), proceeding *pro se* and incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a second amended complaint pursuant to 42 U.S.C. § 1983 against Defendants Steven Boland ("Boland") and David Rodes, who were correctional officers at the Jail. Pending before the Court is Boland's Motion to Dismiss the second amended complaint, (ECF No. 51), and Spradlin's response in opposition to the Motion to Dismiss. (ECF No. 57). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** the Motion to Dismiss, as premature.

1

## I. Relevant History

In the second amended complaint, Spradlin alleges that he was an inmate in protective custody at the Western Regional Jail in May 2016. (ECF No. 46 at 4-5). He claims that protective custody is located in a locked-down pod; therefore, only one inmate at a time is permitted out of his cell. Spradlin claims that on May 4, 2016 at around 10:28 p.m., he was allowed out of his cell to perform hygiene. As he was completing a shower, Defendant Rodes, who was working in the pod, opened another inmate's cell, allowing the inmate to proceed up to the shower area. Spradlin states that as he was leaving the shower area, he passed Defendant Boland, who was also working in the pod. According to Spradlin, Boland saw the other inmate approaching and knew that the inmate intended to attack Spradlin, but Boland did nothing to intervene. The inmate physically assaulted Spradlin. Spradlin seeks $175,000 in compensatory damages for mental distress and disfigurement related to the assault. He also asks the Court to lodge "hate crime charges" against the defendants and to ensure that no other inmate in protective custody is similarly assaulted. (*Id.* at 5).

## II. Motion to Dismiss

Boland has filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that Spradlin failed to exhaust his administrative remedies and, therefore, is precluded from filing a federal lawsuit. A motion under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim. A complaint fails to state a claim when, accepting the plaintiff's well-pled allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Plausibility requires allegations that "raise a right to relief above the speculative level." *Id.* at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

In ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus,* 551 U.S. 89 (2007). However, the court is not required to accept the legitimacy of legal conclusions. *Iqbal,* 556 U.S. at 678. To survive a motion to dismiss, a complaint must plead both a factual and legal basis for relief. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint).

Courts are required to liberally construe *pro se* complaints, such as the one filed in this action. *Erickson,* 551 U.S. at 94. However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). A Rule 12(b)(6) motion should be granted only "'where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.,* 707 F.3d 1114, 1122 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1102 (9th Cir.2008)).

### III. **Discussion**

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing a complaint in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see, also, Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.") (citations and internal quotation marks omitted)). However, administrative exhaustion is "not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner." *Hart v. Roderick,* No. CV GLR-15-2054, 2016 WL 3940219, at *3 (D. Md. July 21, 2016) (citations omitted). Instead, exhaustion is an affirmative defense, and the defendant bears the burden of proving that a prisoner failed to exhaust administrative remedies. *Id.*

The United States Supreme Court recently reiterated the mandatory exhaustion requirement found in § 1997e, but pointed out that the statute contains one explicit exception; the inmate need not exhaust "unavailable" remedies. *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016). The Court provided examples of unavailable remedies, noting "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Id.* at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may

4

promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide relief to aggrieved inmates." *Id.* Second, an administrative process is likewise unavailable when it is "so opaque" that "no ordinary prisoner can discern or navigate it." *Id.* Finally, an inmate need not exhaust administrative remedies when prison officials thwart the inmate's access to the grievance procedure "through machination, misrepresentation, or intimidation." *Id.* at 1860. "[S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable." *Id.*

Boland contends that Spradlin did not exhaust his administrative remedies, because he admitted in the second amended complaint that he "failed to file any type of grievance with the West Virginia Regional Jail and Correctional Facility Authority." (ECF No. 52 at 2). While Boland is correct about the second amended complaint, in an earlier version of the complaint, Spradlin claimed that he did not file a grievance after the assault, because he remained in protective custody and was too afraid to come out of his cell to file the grievance. (ECF No. 2 at 3). In addition, in his response in opposition to the motion to dismiss, Spradlin indicated that he has since filed a grievance, but has received no response from Jail staff. (ECF No. 57). Thus, the availability of the grievance process to Spradlin after his assault and the current status of Spradlin's efforts to exhaust the administrative process are not clear.

At this early stage of litigation, neither party has had an opportunity to develop and produce evidence determinative of the exhaustion issue. Based on the limited record before the Court, it would be premature to dismiss Spradlin's complaint for failure to exhaust administrative remedies. *See Custis*, 851 F.3d 358, 361–62 (4th Cir. 2017) (discussing that it is a rare, exceptional instance where administrative exhaustion is apparent on the complaint's face and noting that the inmate's statement that he

attempted to exhaust his administrative remedies "may equally imply that he attempted, but could not, exhaust his administrative remedies—and thus, that he exhausted all remedies that were available to him."); *White v. Van Duncan*, No. 1:10-cv-014, 2010 WL 2813492, at *2 (W.D.N.C. July 15, 2010) (finding that, based on the limited record and viewing the allegations in the light most favorable to the plaintiff, the plaintiff attempted to utilize the administrative grievance procedure and his grievances were ignored and it would be improper to dismiss the complaint for failure to exhaust, as the issue could be raised later in a motion for summary judgment); *and Brightwell v. Hershberger*, No. CV DKC 11-3278, 2016 WL 5815882, at *2 (D. Md. Oct. 5, 2016) ("The practical availability of remedies is not a pure question of law. As the Supreme Court noted when remanding *Ross v. Blake*, determining whether administrative remedies are truly available requires development of a record of facts and evidence relating to whether the administrative process operated as a dead end, whether it was knowable by an ordinary prisoner, and whether officials thwarted the effective invocation of the administrative process through threats, game-playing, or misrepresentation.") (citations omitted). For that reason, the undersigned **FINDS** that the record currently does not support dismissal of the complaint on the basis of failure to exhaust administrative remedies. Therefore, this motion should be denied as premature.

### IV. <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and respectfully **RECOMMENDS** that the Motion to Dismiss of Defendant Steven Boland, (ECF No. 51) be **DENIED,** as premature**.**

The parties are notified that this "Proposed Findings and Recommendations" is

hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure. The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** August 31, 2017

Cheryl A. Eifert
United States Magistrate Judge